# EXHIBIT A

**From:** Andrew Bosse
**To:** Brian Samuels; Joshua Ferrentino
**Cc:** Coleman, Mack (USAVAE); Burwell, Carter; Rosenberg, Leah
**Bcc:** Matthew Cole NYT – EDVA 017801 Emails Correspondence
**Subject:** In re Grand Jury Subpoena, Case No. 4:26-dm-1
**Date:** Friday, July 24, 2026 4:25:02 PM
**Attachments:** image001.png

Good afternoon Brian, Joshua,

I wanted to follow up on our call Wednesday, where we asked you to inform us whether DOJ has issued any subpoenas for Mr. Cole's records (or for the records of anyone associated with him) from third-party providers. In addition to the questions below, please also let us know if you have a position on setting an argument date on the motion.

As background for the request, the Department's regulations, set forth at 28 C.F.R. 50.10, "gover[n] the use of certain law enforcement tools to obtain information from, or records of, members of the news media." 50.10(b)(1)(i). In particular, they apply to the use "by law enforcement authorities of subpoenas, or court orders . . . to obtain from third parties communications records or business records of members of the news media." 50.10(b)(2)(i). Subsection (e) of the regulations is entitled, "*Notice to affected member of the news media.*" It provides, at 50.10(e)(1)i):

"When the Attorney General has authorized the use of a subpoena, court order, or warrant to obtain from a third party communications records or business records of a member of the news media, the affected member of the news media shall be given reasonable and timely notice of the Attorney General's determination before the use of the subpoena, court order, or warrant, unless the Attorney General determines that, for compelling reasons, such notice would pose a substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily harm."

Subsection 50.10(e)(2) applies if such pre-issuance notice was not provided. It states:

"When the Attorney General has authorized the use of a subpoena, court order, or warrant to obtain communications records or business records of a member of the news media, and the affected member of the news media has not been given notice of the Attorney General's determination before the use of the subpoena, court order, or warrant, the United States Attorney or Assistant Attorney General responsible for the matter shall provide to the affected member of the news media notice of the order or warrant as soon as it is determined that such notice will no longer pose a substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily harm. In any event, such notice shall occur within 45 days of the government's receipt of any return made pursuant to the subpoena, court order, or warrant, except that the Attorney General may authorize delay of notice for an additional 45 days if he or she determines that, for compelling reasons, such notice would pose a substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily harm. No further delays may be sought beyond the 90-day period."

Please advise:

1. Whether the Department of Justice has issued any subpoenas or other legal process to

third-party providers for communications records or business records of Mr. Cole or anyone associated with him; and if so,

2. When the Department issued any such subpoena or legal process; and
3. Whether the Department complied with the notice provisions set forth above.

Best regards,

Baughman Kroup Bosse

Andrew Bosse
500 East Main St., Suite 1400 – Norfolk
1 Liberty Plaza, Floor 46 – New York
(757) 477-6989 (cell); (757) 916-5771 (desk)
www.BKBfirm.com