**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| In re: Grand Jury Subpoena,<br><br>MATTHEW COLE,<br><br>Subpoenaed Party. | Case No. 4:26dml<br><br>4:25G1/NN25-2386 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MATTHEW COLE'S MOTION TO CONTINUE**

Matthew Cole, by and through counsel, respectfully moves to adjourn the hearing currently scheduled for November 19, 2026 at 10:30 A.M. due to recent and ongoing developments that will materially affect the issues pending before this Court. Earlier this week, the Fourth Circuit issued its decision in *In re: Application of the United States of America for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 26-4303 (4th Cir. Nov. 10, 2026) (the "LinkedIn Case"), in which it described the Government's efforts to compel LinkedIn "to produce the records of many journalists." LinkedIn Case at 3. Yesterday, the Government disclosed to Mr. Cole that his records are among those the Government sought from LinkedIn, and that it also served legal process on another third-party provider for Mr. Cole's records. *See* Declaration of David O'Neil ("O'Neil Decl.") (Ex. A); Email Exchange Between Government and Counsel for Mr. Cole (Ex. B). These developments raise important additional questions that the current briefing does not address, and they will prompt further proceedings that directly bear on this Court's evaluation of the subpoena *ad testificandum* (the "Subpoena") (ECF No. 2-1) challenged here. We bring this motion in the

interest of judicial efficiency and to ensure that the Court has the benefit of a fully developed record and adversarial presentation of the issues before resolving the critical questions this case implicates.

From the outset, Mr. Cole has maintained that, among other indicia of irregularity and bad faith concerning the Subpoena, the Department of Justice (the "Department" or the "Government") has failed to abide by its own regulations governing the extraordinary measure of seeking to compel a reporter to disclose his sources. *See, e.g.*, Motion to Quash, ECF No. 2, at 17. On November 10, 2026, relying on the protections of the First Amendment, the Fourth Circuit remanded the district court's decision rejecting a challenge to an order pursuant to the Stored Communications Act seeking LinkedIn records of multiple journalists (the "Targeted Journalists"), and a non-disclosure order that prevented LinkedIn from divulging the existence of the orders, with instructions to "narrow" the orders "to conform with constitutional and statutory norms." *See* LinkedIn Case at 3–4.

Based on inferences from the public record and a recent disclosure by the Department, counsel to Mr. Cole understand that the LinkedIn matter and the Subpoena issued in this case arise from the publication of the same article in *The New York Times* on September 5, 2025 (the "Article"). *See* LinkedIn Case at 4; Ex. B; *see also* Article, ECF No. 2-2. In light of the Fourth Circuit's decision remanding that case to the district court with instructions, counsel wrote to the Government seeking its position on a potential continuance in order to ensure that this Court may resolve the issues on a ripe and developed record. O'Neil Decl. ¶ 2; *see also* Ex. B.

Yesterday morning, the Government responded and, after noting its objection to a continuance, stated the following:

> The LinkedIn decision being issued publicly does permit us to address, however, your prior request for any third-party process related to Mr. Cole. A LinkedIn

> account believed to be used by Mr. Cole (among others) was one of the subjects of the [redacted] seeking non-content information. As you likely noted, we have received no such records to date. Additionally, the government also sought via [redacted] certain subscriber information and toll records from AT&T regarding a wireless account believed to be used by Mr. Cole (tel. no. [redacted]). An [redacted] was issued with that [redacted] that expired on November 10, 2026. These are the two efforts in this investigation to obtain records from third parties related to Mr. Cole. Both requests, and the related [redacted], were duly authorized within the Department of Justice.

O'Neil Decl. ¶¶ 3–7; Ex. B. While the Government's email confirms an important fact that has been the subject of dispute throughout this matter, *see* Motion to Compel, ECF No. 14, it raises a number of other questions that bear directly on the resolution of Mr. Cole's pending Motion to Quash. Those questions include, among others, whether any of the other reporters whose information was sought from LinkedIn, or any other third-party provider, have been notified; whether *The New York Times* (the "News Outlet" referenced in the Fourth Circuit's ruling) has received notice; what steps the Government took to ensure compliance with the Department's regulations, including 28 C.F.R. § 50.10(e)(2); why publication of the LinkedIn decision—which did not identify any reporter, publication, or article by name—served as the triggering event for the Department to share information it was previously unwilling to disclose, *see* Gov't Resp. to Motion to Compel, ECF No. 17; what information the Government disclosed to the Court in the course of seeking the third-party process; and what the Government's basis was for continued secrecy for the last several months despite public knowledge of the pending investigation.

Given this significant and recent disclosure by the Government, Mr. Cole submits that the facts underlying the legal arguments made by both parties pending before this Court have changed in material ways and that adjournment of the hearing pending resolution of the LinkedIn Case would aid in the Court's resolution of this matter.

*First*, the Fourth Circuit's articulation of the competing constitutional principles at stake has obvious bearing on this case, and the application of that discussion warrants adversarial

presentation by the parties. Among other aspects of the decision, the Fourth Circuit rejected the district court's conclusion "that the First Amendment offered no protection because the request likely included at least some relevant records"—a contention similar to the one the Government has advanced here. LinkedIn Case at 7; *see also generally* Gov't Resp. to Motion to Quash, ECF No. 8.

*Second*, the Court of Appeals instructed the district court to reconsider the breadth of the "Secrecy Order" under 18 U.S.C. § 2705(b) issued to LinkedIn, noting that "[u]nless the government's response to LinkedIn's proposal is more persuasive than anything the government has presented thus far, LinkedIn's narrow exception to the breadth of the Secrecy Order must be adopted." LinkedIn Case at 23. If the district court on remand concludes that the grounds for the Department's refusal to provide notice to the Targeted Journalists or *The New York Times* were improper, that would constitute significant new information that Mr. Cole would wish to address in supplemental briefing.

*Third*, much remains unknown about how the LinkedIn Case will proceed on remand and the effects those proceedings will have on this one. The Government has now disclosed two third-party requests seeking Mr. Cole's records, and both implicate the same First Amendment considerations under review by this Court in the pending matter. *See* Ex. B. Mr. Cole must consider whether to challenge the two third-party records requests on the same basis on which he is challenging the Subpoena. Alternatively, or in addition, he may seek to intervene in the LinkedIn action to adequately protect his First Amendment interests in that dispute. Now that the Fourth Circuit decision in the LinkedIn Case has issued and identified that "many journalists" are subjects of the LinkedIn disclosure order, it is possible that other reporters, or *The New York Times*, will seek to intervene for the same reason. LinkedIn Case at 3. The resolution of those open questions

may aid the Court in its evaluation of Mr. Cole's pending motions, and permitting these additional proceedings to mature would avoid the Court having to address the issues in a piecemeal fashion.

*Finally*, yesterday's disclosure to counsel of these third-party orders raises new factual questions about the Government's compliance with its own regulations. To date, the Government has refused to explain why the notification obligations outlined in 28 C.F.R. § 50.10(e)(2) were not followed, despite the fact that Mr. Cole was obviously aware of the Government's investigation given his receipt of the Subpoena more than nine months ago. *See* O'Neil Decl. ¶¶ 3–7; Ex. B; *see also* Gov't Resp. to Motion to Compel, ECF No. 17. It took the public issuance of a decision in the LinkedIn Case to prompt the Government to acknowledge what the Department's internal regulations have always required. This revelation from the Government highlights why a continuance may be helpful here: until the LinkedIn case is resolved, Mr. Cole—and this Court—likely lack the full picture of the investigative steps (and the legitimacy of such steps) the Government has taken to pursue its investigation and the nature of any violations of its internal regulations. These facts are central to Mr. Cole's position that the Subpoena's issuance was "instituted other than in good faith" by the Government. *Branzburg v. Hayes*, 408 U.S. 665, 707–08 (1972); *see e.g.*, Motion to Quash, ECF No. 2, at 18–23.

Therefore, because further proceedings resulting from the LinkedIn Case are likely to materially change the issues set for argument before this Court, continuance of the November 19, 2026 hearing may aid in the Court's consideration of this matter and further the Court's interest in judicial efficiency.

Dated: November 13, 2026

Respectfully submitted,

*<u>/s/ Andrew Bosse</u>*
Andrew Bosse (VSB No. 98616)
abosse@bkbfirm.com
BAUGHMAN KROUP BOSSE PLLC
500 East Main Street, Suite 1400
Norfolk, Virginia 23510
Tel: (757) 904-5373

David A. O'Neil*
daoneil@debevoise.com
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 383-8000

*Counsel for Movant Matthew Cole*
*Admitted *pro hac vice.*

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, I sent a true and correct copy of the foregoing to counsel for the Government in the United States Attorney's Office for the Eastern District of Virginia and the National Security Division of the Department of Justice by electronic mail.

/s/ Andrew Bosse
Andrew Bosse (VSB No. 98616)
abosse@bkbfirm.com
BAUGHMAN KROUP BOSSE PLLC
500 East Main Street, Suite 1400
Norfolk, Virginia 23510
Tel.: (757) 904-5373

*Counsel for Movant Matthew Cole*