IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| In re Grand Jury Subpoena,<br><br>MATTHEW COLE,<br>Subpoenaed Party | Case No. 4:26dm1<br>4:25G1/NN25-2386 |

**RESPONSE OF THE UNITED STATES TO MATTHEW COLE'S MOTION TO CONTINUE**

Matthew Cole has moved to continue the hearing currently scheduled for November 19, 2026, related to his motion to quash the subpoena for his testimony before a grand jury. The government opposes any such continuance, as there is no good cause for delay in adjudicating the matter of whether Cole should be ordered to testify.

## BACKGROUND

The parties and the Court are well familiar with the background of the proceedings. Cole was served with a subpoena for his testimony approximately nine months ago in February 2026. After several extensions of the grand jury appearance, Cole filed a motion to quash under seal on June 5, 2026, relying on information provided by the United States in discussions with counsel. *See* ECF Nos. 1-2. Over the next several weeks, the United States responded and Cole replied. ECF Nos. 8-9. On July 31, 2026, Magistrate Judge Miller issued a Report and Recommendation (R&R) finding that Cole should be required to testify before the grand jury. *See* ECF No. 12. The parties filed responses to the R&R in August 2026. ECF Nos. 28, 30. On September 3, 2026, the Court scheduled this matter for a hearing on November 19, 2026. In addition to addressing Cole's objections to the R&R, the Court is also expected to address

matters of sealing and Cole's request to compel the government to disclose third-party process related to him.

As detailed by Cole in his supporting memorandum, on November 10, 2026, the United States Court of Appeals issued a decision in *In re: Application of the United States of America for an Order Pursuant to 18 U.S.C. Section 2703(d)*, No, 26-4303, Doc. 106, (4th Cir. Nov. 10, 2026). Following this decision, counsel for Cole contacted the government seeking its position on a continuance of the motion to quash proceedings until the LinkedIn matter is resolved. The United States advised that it did not believe a continuance was warranted and also disclosed to Cole's counsel certain third-party process that had been issued with respect to Cole.

**DISCUSSION**

Although the Court has discretion to grant a continuance, the government submits that a continuance is unwarranted for the following reasons.

*First*, this matter has been pending for some time and delay will further hamper the government's investigation but not lead to further development of the issues attendant to the motion to quash. The subpoena to Cole was served over nine months ago and the motion to quash was filed five months ago. The timing for any resolution on the LinkedIn matter is uncertain, and likely to be lengthy. The government, through the Solicitor General, must determine whether to seek further review of the panel decision. Even if the matter is remanded to the district court, there will likely be additional proceedings related to narrowing the Section 2703(d) order at issue, as the Court of Appeals recognized that the government was entitled to at least some of the data sought through that order..

*Second*, Cole overstates the relevance of the Fourth Circuit decision to the issues joined for hearing on November 19, 2026. The claimed overbreadth of the Section 2703(d) order under

the Stored Communications Act and the First Amendment litigated before the Court of Appeals is distinct from the relevance of Cole's own testimony before the grand jury. Indeed, even as it held that the Section 2703(d) order to LinkedIn must be narrowed, the Court of Appeals gave full-throated recognition to the continuing validity of the holding of *Branzburg v. Hayes*, 408 U.S. 665 (1972) in the context of grand jury investigations, stating "[t]he Supreme Court has been clear that there is 'no First Amendment privilege to refuse to answer the relevant and material questions asked during a good-faith grand jury investigation.'" *Slip Op. at 18* (quoting *Branzburg*, 408 U.S. at 708).

The Court of Appeals also recognized the government's significant and legitimate interest in pursuing the broader investigation of this matter:

> It is the government's right and responsibility to investigate possible violations of the law. That interest has a special gravity where a suspected crime involves the compromise of special operations implicating national security. The government's strong national security interest in this case need not be submitted to proof; it is self-evident. Leaks of classified materials can transmit highly sensitive information to our adversaries in areas in which stealth is essential. Such leaks can also place in great danger the lives of the men and women working in covert operations to protect our country. Judicial negation of the government's interest in matters of the greatest military urgency would also risk violation of the separation of powers, as the Constitution assigns no responsibility for the conduct of warfare or foreign affairs to the courts.

Slip Op. 11. Given this affirmation that no First Amendment privilege exists in the grand jury context for the investigation of relevant matters and the clear recognition of the government's good faith interest in this investigation, the Court of Appeals' decision does not justify further delay in adjudicating Cole's objections to testifying.

*Third*, now that the government has disclosed to Cole all of the third-party process related to him in this investigation, Cole's motion to compel this information is moot, as he has received through a voluntary disclosure all the relief he had sought from the Court. *See* ECF Nos. 13-14. If anything, this cuts *against* Cole's request for a continuance, since the issues set for hearing

have thus narrowed. While Cole may continue to argue that the failure to disclose this process earlier shows bad faith[1] or irregularity—a contention the government strongly disputes—the government has convincingly shown that Cole was never entitled as a matter of law to disclosure of such process, and its existence does not undermine the conclusion that Cole must appear before a grand jury and answer relevant questions. *See* ECF No. 17.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny the motion to continue and maintain the currently scheduled November 19, 2026, hearing on the motion to quash.

---

[1] In addition to filings alleging such bad faith, Cole's counsel has accused the government of aggressive tactics in the public press: "'The government's threat to Mr. Cole — disclose your sources or go to jail — is a product of this administration's illegal attacks on a free press,' said David O'Neil, Mr. Cole's lawyer." Devlin Barrett and Charlie Savage, Appeals Court Rebukes Justice Dept. Over Demand for Journalists' LinkedIn Data, The New York Times, Nov. 10, 2026. To the government's knowledge, Cole—whom the government has consistently described and treated as an ordinary witness in this matter—has never been threatened with jail by any representative of the United States for refusing to testify in response to a grand jury subpoena.

Date: November 16, 2026

Respectfully submitted,

TODD W. BLANCHE
ATTORNEY GENERAL

THEOPHANI STAMOS
FIRST ASSISTANT U.S. ATTORNEY

By: /s/ Brian J. Samuels
Brian J. Samuels
Peter Osyf
Assistant United States Attorneys

M. SCOTT PROCTOR
ACTING PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL
National Security Division

By: /s/ Joshua T. Ferrentino
Joshua T. Ferrentino
Trial Attorney
Counterintelligence and Export Control Section